## THE STATE, use of KIRKLAND, vs. FERGUSON et al.

1. Upon the trial of a suit brought by an execution creditor against an officer upon his bond, for a failure or refusal to execute a writ, the return made by the officer upon the writ, is evidence in his favor to show an excuse for not executing it.

2. Where two justices of the county court grant a writ of injunction to stay proceedings upon an execution in the hands of a constable, although it may be the duty of the clerk of the circuit court to issue the writ, and not the justices, yet if they do issue the writ, it (though informal) is sufficient authority to the constable to stop all further proceedings upon the execution.

3. An officer has until the return day of a writ, to execute it; and if within a few days previous to the return day he be restrained from further proceedings upon it, by injunctions, he is not liable for failing to execute it sooner, unless the plaintiff shows special circumstances which would make it his duty to execute it sooner, and his refusal and that in consequence thereof, the plaintiff has suffered loss.

### ERROR TO CAMDEN CIRCUIT COURT.

KOWNSLAR, for plaintiff in error.

The paper read in evidence is not a writ of injunction, nor any evidence of one. Two justices of the county court may grant an injunction, but the papers have to be returned to the clerk of the circuit court, who issues the writ Rev. Stat. 1835, Injunctions, sec. 2, 4, 11, 12 p. 315. It devolves upon the officer justifying under a writ, to show a legal writ. The bill must accompany the writ, and can only be served by a legal officer. See Practice in Chancery, article 1st, sec. 3, 4, 6; Rev. Stat. 1835 507; see also writs and process, sec. 1st. 625. As to the manner of obtaining injunctions, &c. see 2d. Tuck Com. Injunctions 459.

The service of the supposed writ being by a private person, was no service at all, and the officer was not bound to regard it, even if the writ were valid.

The return of the officer, that he was restrained by injunction, was improper evidence to prove that fact. See State, use of McMahan & Huston vs. Hamilton et al., 9th Mo. Rep. 794.

The officer was bound to execute the writ of execution promptly, and without any unnecessary delay. See Bac. Abi. title Sheriff; N. Bernant et al. vs. Ward, 9 Mass. Rep. 257; Douglass vs. Baker, 9 Mo. Rep. 41.

If he refused to sell, he was liable for the whole amount of the execution. Rev. Stat. 1835, sec. 52.

The evidence in this case shows great neglect. He had advertised to sell three times and refused. The supposed injunction was not served on him until two days before the return day of the execution. The plaintiff's instruction ought to have been given, and the defendants refused.

That Kirkland was injured by the action of the officer is not manifest; for he alleges in his declaration that his judgment was in full force, unpaid and unsatisfied; and these allegations are no where traversed, and are therefore admitted.

Ferguson, the constable, was not a proper party defendant to a bill of injunction; he ought not to have been named in the writ. The plaintiffs in the execution were the proper parties, and the writ should have included and been served on them, and then it was for them to stop the constable at the peril of committing a contempt. This writ of injunction, then, was a nullity.

The question here is not what notice of an injunction an officer must have to justify him in stopping the execution of process; but whether there was in fact a writ of injunction. The officer alleges that there was. Does he show one? It is conceived that he does not. He should have produced a properly certified copy of the bill, with the restraining order endorsed thereon, and a writ emanating from the circuit clerk's office, or a copy of the writ. Here the only evidence of the writ is a paper under the hand of two justices of the county court, with the seal of the county court annexed.

Stringfellow, for defendant in error.

1. The return made by an officer is evidence in his favor to show an excuse for not proceeding under the execution. 11 Mo. Rep. 553.

2. It is not necessary that there should be a formal service of the writ of injunction, to justify an officer in obeying or subject him to punishment, for a contempt in disobeying its requisitions. It is only necessary that he should know that the order has been made, and is immaterial how he has been informed. Eden on Injunctions, 93; 12 Johns. Rep. 591.

Ryland, Judge, delivered the opinion of the court:

This was a suit upon a constable's bond, in the circuit court of Camden county, brought in the name of the State of Missouri to the use of the plaintiff Joseph Kirkland against John D. Ferguson, John Fullbright and Martin Fullbright. The said Ferguson was constable of Harmony Township in said county of Camden and the said John and Martin Fullbright his securities on his official bond as such constable.

The plaintiff alleges that Joseph Kirkland obtained a judgment before a justice of the peace in said county of Camden for some fifty dol-

lars debt and costs of suit, making about fifty nine dollars in all.—That the said Kirkland obtained an execution from the justice of the peace against the body, goods and chattels of one Jacob M. McNeal, the defendant in the suit before the justice of the peace, against whom he had obtained the judgment above mentioned : that the said writ of execution was dated 27th day of October 1840 and was returnable in thirty days —that the said writ was duly placed in the hands of said constable Ferguson, and that said constable levied the same upon sufficient property, goods and chattels of said McNeal in his township to have made the debt and costs ; but that said Ferguson refused to sell the property thus levied on. The plaintiff, also alleges as a further breach of said bond, that the defendant in the execution had not sufficient goods and chattels whereof the debt could have been made and collected, yet the said Ferguson, as constable, failed and refused to take into custody the body of said McNeal, the defendant in the execution ; and also, alleges that the said constable Ferguson failed and refused to levy of the goods and chattels of said McNeal in order satify the said execution.

The defendants filed their plea of non est factum and gave notice to the plaintiff, that they would insist also the trial upon special matters of defence, among which, was this, that an injunction had been granted by two justices of the county court of the county in which said Ferguson was acting as constable, and which injunction had been served upon him, restraining him from proceeding to execute the writ against the said McNeal any further.

Upon the trial, the plaintiff read in evidence the bond of said Ferguson as constable, with his securities as above named—a copy of the judgment of the said Joseph Kirkland against said McNeal—the writ of execution which had been returned to the justice on the 25th of November 1840, being within the time prescribed—also proved by witnesses that the defendant, Ferguson, levied the execution on the property of the said McNeal, took it with him to his own house, and advertised the same for sale—That the first day on which the sale of the property was advertised to take place, happened to be Sunday and that the defendant Ferguson refused to sell on that day, and again advertised the property for sale—That on the second day fixed for the sale, a part of the property taken in execution was claimed by a third person ; and that the constable refused to sell the balance, unless the plaintiff in the execution would give to him a bond indemnifying him for selling—That Ferguson, the constable, then set a day for the trial of the right of property and advertised again to sell the property levied on ; and that, on

the last day fixed for the sale, one John Tullis, who had claimed the property as his, came forward, previous to the trial of the right of property, and served the writ of injunction on Ferguson, restraining further proceedings.    The plaintiff also proved, that Kirkland commanded Ferguson to sell the property on the second day, which was not claimed by Tullis.    This property consisted of a jack and some mill irons.

The defendant offered to read the writ of injunction, which was signed by Cyrus Colly and M. F. Smith as justices of the county court, and which writ was under the seal of the county court.    The writ was directed to the constable of Harmony township in  said county ; stating that Jacob M. McNeal had filed his bond in the county court and prays for an injunction, directed to said constable to stay the proceedings in the execution of Joseph Kirkland vs said McNeal.   This writ notified him, said constable, to stop all further proceedings on said execution and to release said  property, that said writ may  be remanded to the circuit court of said county for further proceedings.    This writ was served on the said constable, Ferguson, by said Tullis.

The defendant also offered to read his return on the execution in favor of Kirkland  against  said McNeal.    To both and to each of these papers, the plaintiff objected.    The court overruled the plaintiffs objections and permitted the defendant to read the writ of injunction and to read the return made by him on the execution.    The plaintiff excepted to this opinion and action of the circuit court.

The plaintiff asked the following instruction.

"If the jury believe from the evidence, that Ferguson was constable as is alleged in the declaration, and that judgment was obtained by Kirkland against McNeal and execution issued thereon, as is alleged in the declaration ; and was placed in the hands of Ferguson as is alleged, and that he levied on certain property of McNeal, by virtue thereof, and refused to sell the same, before he had notice of the writ of injunction, then they must find for the plaintiff."

This the court refused to give.    The defendant then asked the following instruction.    "That if the jury believe from the evidence, that after the issuing of the execution in favor of Kirkland against McNeal, and before the return day of said execution, that two of the justices of the county  court issued a writ of injunction, commanding said Ferguson to stay all further  proceedings on said execution, then said Ferguson is not liable to the plaintiff for said debt in the execution mentioned and they will find the issue in this suit for the defendant."

The plaintiff thereupon took a non suit and moved afterwards to set

it aside, which motion being overruled he brings the case here by writ of error.

The questions arising on this statement of facts, involve the propriety of the admission of the evidence on the part of the defendants in the court below. That evidence consisted of the writ of injunction and the constable's return on the execution in obedience thereto. This evidence being the foundation of the instruction asked for by the defendants, if it be legal, then the instruction was proper ; and if this instruction was proper to be given to the jury, the one asked for by the plaintiff was properly refused. I will notice the return of the constable first. This return was admitted properly. It was not offered *as the evidence of the writ of injunction*, but was offered to show what had been done by the constable—to show how he acted with the writ. He was bound to make return of the writ of execution, and he does so, by stating that he returned this writ unexecuted because he had been restrained by writ of injunction. This return would not have been sufficient evidence of the injunction ; nor was it offered as such—see the cases reported in 9 vol. Mo. Rep. page 794, and 11 vol. Mo. Rep. page 553, as to this point about the officer's return. According to the views of this court in the last mentioned case, this return was evidence between these parties. I can see no fault in the court below in admitting this return to be read to the jury.

The other question involves the action of the court in admitting the writ of injunction. By the law as it existed when this writ of injunction was granted ; "The county court, or any two justices thereof in vacation, may grant injunctions in the following cases—First, to stay judgments or proceedings thereon before any justice of the peace within the county." "Injunctions shall be returnable to the circuit court of the proper county." Digest 1835, page 313. This writ was granted in this case by two justices of the county court. They made out the writ, signed it and had the seal of county court put to it. This writ was directed to the constable of the township ; (to the defendant Ferguson for he was the constable) and was served on him by Tullis, who was a private person.

It is contended, that the justices of the county court can only make the order for the writ, and that the clerk of the circuit court must issue the writ. We will not undertake to say, that such is not the case. But nevertheless, we think that in this case, the writ of injunction, though it may be considered informal, was authority sufficient to the constable

to stop all further proceedings on the execution; and that the circuit court committed no error in giving the instruction.

The justices of the county court had jurisdiction of the subject matter. They could grant injunctions, and the constable might well suppose that it was as much their duty to issue the writ as to make the order for the clerk to issue it. I am not inclined to apply the strictest rules of technical proceeding to such inferior officers and tribunals.

The duty of the constable was to execute the writ during the time it had to run, within the thirty days, and it may be his duty under some special circumstances to execute it sooner, and his failing to do so may make him liable, if, in consequence thereof the plaintiff should suffer loss or injury. We do not hold him bound to levy and sell within the first ten or twelve days; he had the thirty days as the time given him to return the writ in, under the law at the date of the writ in this case (now a much longer time.) The plaintiff cannot blame the officer, if within thirty days the defendant has stopped all further proceedings by injunction. This, the defendant in the execution could do, only on certain conditions; filing his bond was one. If, therefore, the injunction was granted wrongfully, the plaintiff in the execution can resort to his bond for redress. But let him support this present suit, under the facts in this case, against Ferguson; and he may recover against him, although in the injunction case, the court may decide that he has no just and equitable demand against McNeal. I am therefore upon the whole for affirming the judgment below and my brother judges concurring it is affirmed.